DelVecchio, J.
Defendants move to dismiss for failure to join an indispensable .party and failure to name real parties in interest pursuant to Mass.R.Civ.P. 12(b)(7). In addition, defendants move to dismiss for failure to state a claim upon which relief may be granted pursuant to Mass.R.Civ.P. 12(b)(6).
For the reasons set forth below, the defendants’ motion to dismiss is DENIED.
FACTS
Taylor Lumber and Oil Company (“Taylor Lumber”) is a duly organized Massachusetts corporation. The sole stockholder of Taylor Lumber is the Sophie Taylor Irrevocable Trust of 1979.
Plaintiff Leonard Taylor is a beneficiaiy of the Trust with a twenty percent beneficial interest. Defendants Richard Taylor, Susan Tassinari, Catherine Rosenstock, and Lynda Banthin are each twenty percent beneficiaries of the Trust and siblings of the plaintiff. Defendant Richard Taylor is also a Trustee of the Trust, and an Officer, Director, and CEO of Taylor Lumber. The other defendant siblings all serve as Directors and Officers of Taylor Lumber. Trustees Herbert Slater and Dexter Gasper have also been joined as defendants.
Plaintiff Leonard Taylor was a Director, Officer, and full-time employee of Taylor Lumber until October 25, 1993. At that time, the defendant siblings voted the plaintiff off the Board of Directors and terminated his employment. The plaintiffs wife and son were also fired from Taylor Lumber at the same time.
Plaintiff subsequently brought this suit for just compensation for the catastrophic loss inflicted upon him, without warning, by his defendant siblings through the termination of his employment at Taylor Lumber. According to the plaintiff, he and his wife and son were literally locked out of the company facilities.
DISCUSSION
A.Motion to Dismiss
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977).
B.Breach of Fiduciary Duty by Defendant Siblings
Count I of the plaintiffs complaint alleges breach of fiduciary duly by the defendant siblings. Plaintiff alludes to Donahue v. Rodd Electrotype Co. of New England, 367 Mass. 578, 593 (1975), for the proposition that shareholders in a close corporation such as Taylor Lumber owe each other a fiduciary duty akin to the duty partners owe one another; the duty owed is one of “utmost good faith and loyalty." Id. By analogy, the plaintiff argues that the defendant siblings owed him such a duty as corporate directors of Taylor Lumber. In essence, the plaintiff argues that, in terminating his employment, his siblings “froze him out” of the company in violation of their fiduciary obligations. Wilkes v. Springside Nursing Home, Inc., 370 Mass. 842, 849 (1976).
By virtue of their power to vote a share of the Trust and their positions as directors and officers, the defendant siblings effectively controlled Taylor Lumber. Johnson v. Witkowski, 30 Mass.App.Ct. 697, 699-700 (1991). In each capacity, the defendants had fiduciary duties. Id. at 704 (noting that “[w]earing more than one hat requires a fiduciary to be very nimble as well as most prudent”). Most importantly, a fiduciary may not derive personal advantage at the expense of the trust,, nor put himself in a position antagonistic to the beneficiaries of the trust. Id. at 706.
Here, the plaintiff has alleged facts sufficient to make out a claim for breach of fiduciary duty. If proven, the allegations may show that the defendant siblings breached their fiduciary duties to the plaintiff by freezing him out of the company, thereby increasing their own control of Taylor Lumber. Wilkes, supra at 849. As such, Count I survives the motion to dismiss.
C.Civil Conspiracy
Count II alleges that the defendants conspired to commit the breach of fiduciary duties. Under Massachusetts law, civil conspiracy is a very limited cause of action. Milford Power Ltd. Partner v. New England Power, 918 F.Sup. 471, 482 (D. Mass. 1996). In order to state such a claim, plaintiff must allege that defendants, acting in unison, have some peculiar power of coercion over plaintiff that they would not have had if they had been acting independently. Id. Alternatively, liability for civil conspiracy may attach if there is a common design or agreement between two or more persons to commit a wrongful act, and an act in furtherance of the agreement. Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994).
Here, plaintiff alleges conspiracy among the defendants, because no individual defendants could have independently deprived him of his employment with Taylor Lumber. Specifically, corporate by-laws required 80 percent of the Board to agree before removing a director. In addition, the trustees of the Trust had to approve such a move. As such, the facts here suggest that plaintiffs removal from Taylor Lumber could not have been accomplished without the collective activity of all the defendants. Thus, Count II also survives the motion to dismiss.
*308 C. Breach of Fiduciary Duties by Trustees
Finally, Count III alleges breach of fiduciary duty by the trustees of the Trust, namely Richard Taylor, Dexter Gasper, and Herbert Slater. Trustees, much like directors, owe a duty of loyalty to the beneficiaries of a trust. Ball v. Hopkins, 268 Mass. 260, 266 (1929). Specifically, trustees may not put themselves in a position where their interests are in conflict with the interests of the trust. Comstock v. Bowles, 295 Mass. 250, 258 (1936).
Here, the plaintiff has alleged facts sufficient to allege a breach of fiduciary duty by the trustees of the trust. The fact that Richard Taylor serves as both a Trustee and Director, Officer, and CEO of Taylor Lumber raises the specter of conflicting interests; the plaintiff has alleged facts sufficient to suggest that such a conflict of interest was consummated in this case. Count III, therefore, overcomes the motion to dismiss.
ORDER
For the reasons stated above, it is ORDERED that defendants’ motion to dismiss be DENIED.[1]

 The court need not decide at this time whether plaintiff may seek damages for incidental economic losses sustained by his wife and son, who are not parties to this action. The court reserves decision on this matter until a later date.